IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PAUL DESAI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-00076-CV-W-HFS |
| ) | |
| STERLING COMMERCIAL ) | |
| CAPITAL, L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the court is the motion of defendant Sterling Commercial Capital, LLC ("Sterling") to dismiss the complaint due to lack of personal jurisdiction. Other named defendants, not parties to the instant motion, include Jonathan Parker and Creative Financial Services, LLC ("Creative")[1].

Plaintiff initiated suit against all defendants claiming fraud in the inducement. According to plaintiff, on about December 2, 2003, the defendants conspired to induce him to pay a fee of $20,000 in order to obtain a mortgage loan commitment in the amount of $5,460,000 which was the amount needed to pay off existing mortgages against property located in Omaha, Nebraska[2]. (Complaint: ¶¶ 5-6). Plaintiff claims that defendants made false representations with no intention of honoring the mortgage loan commitment, and simply sought to gain the $20,000 fee. Plaintiff

---

[1] In his complaint, plaintiff states that he is a resident of Missouri; defendant Sterling is a limited liability company organized under law in Connecticut; defendant Parker is a resident of Kansas; and defendant Creative is a corporation organized under law in Florida. (Complaint: ¶¶ 1-4).

[2] After the mortgages were paid off the property was to be converted to the Four Points Sheraton, with availability of additional funding. (Complaint: ¶ 8).

seeks actual damages in the amount of $20,000; compensatory damages for the lost value of his hotel in the amount of $4,000,000; and punitive damages in the amount of $1,000,000.

PERSONAL JURISDICTION

Standard of Review

When a motion to dismiss for lack of personal jurisdiction is made on a matter not appearing on the record, the trial court may hear it on affidavits presented by the parties, or the court may direct that the matter be heard wholly or partly on oral testimony or deposition. Chromalloy American v. Elyria Found, 955 S.W.2d 1, 4 (Mo.banc 1997). When affidavits are presented, the trial court may believe or disbelieve any statements made within those affidavits. Id. It is within the sole discretion of the trial court to make such factual determinations. Id.

However, "[t]o survive a motion to dismiss for lack of personal jurisdiction, [plaintiff] need only make a *prima facie* showing of personal jurisdiction over [defendant]." RDO Foods Co. v. United Brands Intern, Inc., 194 F.Supp.2d 962, 966 (D.N.D. 2002). A *prima facie* showing of jurisdiction is made by showing: (1) that the action arose out of an activity covered by the long-arm statute, section 506.500, and (2) that defendant had sufficient minimum contacts with the forum state to satisfy due process requirements in order to withstand the motion. Conway v. Royalite Plastics, Ltd., 12 S.W.3d 314, 318 (Mo.banc 2000). In examining the *prima facie* showing, the court must view the evidence in the light most favorable to the plaintiff, and it must resolve all factual conflicts in the plaintiff's favor. RDO Foods, 194 F.Supp.2d at 966.

The Missouri long-arm statute confers jurisdiction of Missouri courts over any cause of action arising from "[t]he transaction of any business within this state; [or] .... [t]he commission of

2

a tortious act within this state[.]" Conway, 12 S.W.2d at 318; quoting, Section 506.500. A plaintiff need not prove all of the elements that form the basis of the defendant's liability, but must show that acts contemplated by the statute took place. Id.

Due process requires that, in order to subject a non-resident defendant to *in personam* jurisdiction, the defendant must have certain minimum contacts with the state so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Id. To determine whether a non-resident defendant has sufficient minimum contacts for a Missouri court to have personal jurisdiction, five factors should be considered: (1) the nature and quality of the contact; (2) the quantity of those contacts; (3) the relationship of the cause of action to those contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience or inconvenience to the parties. Id. The defendant's conduct and connection with the forum state must be such that it should reasonably anticipate being haled into court there. Id

Analysis

Sterling argues that personal jurisdiction is lacking because it did not commit any act that would confer jurisdiction under the long-arm statute of Missouri, it does not have any contacts with Missouri, and it has not purposefully availed itself of the jurisdiction of Missouri courts. Somewhat in support of this claim that jurisdiction is lacking, Sterling points to a case entitled *Desai v. Sterling Commercial Capital, L.L.C., et al*, Case Number 0516-CV05994, in the Circuit Court of Jackson County, Missouri, in which the court found personal jurisdiction lacking and dismissed the action as against defendants Mohamed Aqqad, Vic Hefren, and Creative Financial Services. (Suggestions in Support: Exh. 2). Sterling claims that although it did not join the motion to dismiss with the

3

aforementioned defendants, it subsequently filed with plaintiff a mutual dismissal without prejudice[3]. (Id: Exh. 3).

Sterling also argues that further evidence of its lack of contacts with Missouri is that it was not a party to the mortgage loan commitment which was executed in Nebraska, and the property in question was located in Omaha, Nebraska. Attached to its motion, is the affidavit of Brian A. Opert, the managing member of Sterling, who averred that he is a resident of Connecticut, and he also averred that Sterling only maintains offices in Connecticut and has not done any business in Missouri. (Motion to Dismiss: Exh. 1).

In support of its argument that due process requirements have not been met, Sterling states that it has no agents or employees in Missouri, and that it would be greatly inconvenienced if it were forced to defend an action in Missouri. It repeats its argument that the loan agreement was executed in Nebraska and the property was located there as well.

Conversely, plaintiff argues that there were sufficient contacts between the parties within the state of Missouri. In his affidavit, plaintiff averred that he was contacted by Jonathan Parker, purportedly an agent of Sterling, and that he had numerous telephone conversations with Parker while in Missouri. Plaintiff also averred that on at least 2 occasions Parker personally visited him at 600 Paseo in Kansas City, Missouri in order to complete the transaction.

Sterling rebuts plaintiff's argument and states that it did not have a relationship with Parker, and he was not its agent or representative. In support of its argument, Sterling again points to the

---

[3]According to Sterling, this agreement was based upon its decision to also file a motion to dismiss for lack of personal jurisdiction. It is noted, however, that the finding of the Circuit Court was not applicable to Sterling, and begs the question that if jurisdiction was clearly lacking, why Sterling failed to join in the motion

4

loan commitment dated December 2, 2003, which indicates an agreement between plaintiff and Creative Financial Services as the lender. Sterling claims that it did not contact plaintiff until December 31, 2003, and that the contact was made to plaintiff by fax in Nebraska. (Reply Suggestions: Exh. 3).

After consideration of the arguments presented by both parties, it is noted that the mortgage loan commitment attached to the complaint is indeed an agreement between plaintiff and defendant Creative, Sterling is not mentioned in the document, and plaintiff does not allege a relationship between these defendants. Further, the agreement lists plaintiff's address as Omaha, Nebraska, and plaintiff's signature was notarized in Nebraska by a notary in that state. Thus, acceptance is deemed to have occurred in Nebraska. State ex rel. Career Aviation Sales, Inc. v. Cohen, 952 S.W.2d 324, 326 (App.E.D. 1997) (under Missouri law, for personal jurisdiction purposes, contracts are deemed to be made where acceptance occurs). The December 31st letter is self-described by Sterling as a letter of interest regarding the mortgage loan sought by plaintiff for the property in Nebraska. It was faxed to plaintiff at a number bearing a Nebraska area code. It is signed by Patricia J. Opert, in the Originations Dept., and a "Jay Parker" is copied in via email (presumably this is Jonathan Parker). The letter contained a deadline for acceptance, and plaintiff does not present any documentation indicating his acceptance of the terms. All told, these circumstances do not lend themselves to a finding that Sterling transacted business or entered into a contract related to this cause of action in the state of Missouri. Consequently, Missouri's long-arm statute fails to confer jurisdiction over Sterling.

I further find that based on the evidence at hand, the strictures of due process would not permit jurisdiction over Sterling. Plaintiff claims that Parker represented himself as an agent of

5

Sterling, and apparently relies entirely on an agency theory to make a Missouri connection. But there is no evidence supporting such a statement. Although a court may exercise personal jurisdiction over a defendant through the acts of his agent, "[a] party who relies upon the authority of an agent has the burden of proof regarding both the fact of the agency relationship and the scope of the agent's authority." Romak USA, Inc. v. Rich, 384 F.3d 979, 985 (8th Cir. 2004); quoting, Karr-Bick Kitchens & Bath, Inc. v. Gemini Coatings, Inc., 932 S.W.2d 877, 879 (Mo.Ct.App. 1996).

Self-identification by a purported agent is notoriously meaningless–except as to the agent's personal responsibility. Other than his affidavit, plaintiff fails to provide evidence of Parker's alleged agency relationship with Sterling. Moreover, plaintiff does not point to any acts of Sterling indicating a grant of either express or actual authority to Parker. Romak, at 985. I conclude that plaintiff has not presented a prima facie case that the facts conferring jurisdiction over Parker are related to Parker's relationship to Sterling. Other than plaintiff's currently stated residency in Missouri, there appears to be little relation of the cause of action to Missouri.

In sum, plaintiff fails to meet his burden of making a prima facie showing of personal jurisdiction over Sterling.

Accordingly, it is hereby

ORDERED that defendant Sterling's motion to dismiss for lack of personal jurisdiction (ECF doc. 12) is GRANTED. The above captioned case is DISMISSED without prejudice as against defendant Sterling Commercial Capital, LLC.

        /s/ Howard F. Sachs
        HOWARD F. SACHS
        UNITED STATES DISTRICT JUDGE

May 23, 2006

Kansas City, Missouri